**Debra CERONE, Plaintiff,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY and The Picerne Group Health & Welfare Plan, Defendants.**

**Case No. 13CV184–MMA–DHB.**

United States District Court,
S.D. California.

Signed March 28, 2014.

John P. Stennett, Stennett and Stennett, San Diego, CA, for Plaintiff.

Dennis J. Rhodes, Wilson Elser Moskowitz, San Francisco, CA, Y. Blohm, Meserve Mumper & Hughes LLP, Los Angeles, CA, for Defendants.

## ORDER:

### GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

[Doc. No. 37]

### DENYING DEFENDANT'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT

[Doc. No. 38]

MICHAEL M. ANELLO, District Judge.

This action involves a claim for accidental death benefits arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et. seq.* Plaintiff Debra Cerone and Defendants Reliance Standard Life Insurance Company and The Picerne Group Health & Welfare Plan (collectively "Defendants") have filed cross motions for partial summary judgment on the applicable standard of review. Doc. Nos. 37, 38. The Court, in its discretion, found the motions suitable for determination on the papers and without oral argument, pursuant to Civil Local Rul 7.1(d)(1). For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for partial summary judgment and **DENIES** Defendants' cross-motion.

### BACKGROUND

Plaintiff Debra Cerone ("Plaintiff") brings this action for accidental death benefits under ERISA. The relevant group life and accidental benefit insurance policy was issued by Defendant Reliance Stan-

**1148**

dard Life Insurance Company ("Reliance") to The Picerne Group ("Picerne") for the benefit of its employees. *See* Stennett Decl. Ex. 1, Group Policy No. GL 137371 ("the Policy"). The Policy was delivered in California. The Policy has an effective date of July 1, 2004, and has an anniversary date of January 1 of each year, beginning January 1, 2005.

Plaintiff's husband, Donald Cerone, was an employee of Picerne and covered under the Policy. In the event of Donald Cerone's accidental death, the Policy provided benefits in the amount of $250,000.

On August 8, 2011, Donald Cerone died in a car crash. Plaintiff then filed a claim for accidental death benefits under the Policy. The Policy grants Reliance discretionary authority to interpret the Policy and determine eligibility for benefits. On January 10, 2012, Reliance denied Plaintiff's claim, citing two policy exclusions in which either alcohol intoxication or voluntary consumption of a controlled substance is a contributing factor. Plaintiff timely appealed the denial of benefits. On August 20, 2012, Reliance denied Plaintiff's appeal.

On January 23, 2013, Plaintiff filed this ERISA action, seeking review of Reliance's denial of benefits. The parties now move for partial summary judgment on the applicable standard of review.

### LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(a). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of informing the court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Id.* at 323, 106 S.Ct. 2548. The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n,* 809 F.2d 626, 630–31 (9th Cir.1987).

If the moving party meets its initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue of material fact for trial. *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If the motion and supporting materials, including facts considered undisputed, show the movant is entitled to summary judgment, the court may grant the motion. Fed. R.Civ.P. 56(e)(3).

### DISCUSSION

A court reviews the denial of benefits *de novo* unless the plan or policy confers discretion on the administrator to determine eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). Where the plan or policy grants such discretion, the standard of review becomes abuse of discretion. *Saffon v. Wells Fargo & Co. Long Term Disability Plan,* 522 F.3d 863, 866 (9th Cir.2008).

Here, it is undisputed that the Policy confers discretion on Reliance to determine eligibility for benefits under the Policy:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance

policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final, and binding on all parties.

The Policy at 11.0. Defendants therefore maintain that the applicable standard of review is abuse of discretion. Plaintiff, however, asserts that California Insurance Code section 10110.6 effectively voids the grant of discretionary authority, which in turn makes the applicable standard of review *de novo*.

## A. *California Insurance Code section 10110.06*

Section 10110.6, which became effective on January 1, 2012, provides in relevant part:

> If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

Cal. Ins.Code § 10110.6. The statute defines *renewed* as "continued in force on or after the policy's anniversary date." *Id.* In addition, the statute defines *discretionary authority* as "a policy provision that has the effect of conferring discretion on an insurer ... to determine entitlement to benefits or that, in turn, could lead to a deferential standard of review by any reviewing court." *Id.*

Thus, pursuant to section 10110.6, an insurance policy that is "continued in force on or after the policy's anniversary date" is therefore renewed under the terms of the statute. A renewal of an insurance policy is significant because "[t]he law in effect at the time of renewal of a policy governs the policy ..." *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 927 (9th Cir.2012). "Each renewal incorporates any changes in the law that occurred prior to the renewal." *Id.* Thus, any relevant changes in the statutory or decisional law in force at the time the insurance policy is renewed "are read into each policy thereunder, and become a part of the contract with full binding effect upon each party." *Id.*

Here, the Policy clearly confers discretion on Reliance as the policy administrator and was delivered in California, and therefore is subject to section 10110.6. When the Policy "continued in force on and after" its January 1, 2012 anniversary date, the Policy was "renewed" under the terms of the statute on January 1, 2012. Upon such renewal, the Policy incorporated all relevant statutory and decisional law in place at the time of renewal, including California Insurance Code section 10110.6. *See Stephan*, 697 F.3d at 927. In other words, when the Policy continued in force on its January 1, 2012 anniversary date—the same date section 10110.6 became effective—section 10110.6 applied to the Policy, thereby voiding the discretionary clause. *See* Cal. Ins.Code § 10110.6. In the absence of a valid discretionary clause, the standard of review for an ERISA claim is *de novo*. *See Firestone*, 489 U.S. 101, 109 S.Ct. 948; *Saffon*, 522 F.3d at 866.

The Court's analysis, however, does not end there. Section 10110.6 only applies to the Policy as of January 1, 2012. Defendants assert that because Plaintiff's claim arose in August 2011 prior to this change,

the 2011 version of the Policy—which undisputedly grants discretion to Reliance to determine claims—governs Plaintiff's ERISA claim. Defendants further argue that section 10110.6 does not apply retroactively, and therefore does not apply to the 2011 version of the Policy. According to Defendants, because the 2011 version of the Policy undoubtedly granted Reliance discretion to determine claims and section 10110.6 does not apply retroactively, the standard of review is abuse of discretion.

Thus, in order to determine the applicable standard of review, the Court must first determine which version of the Policy governs Plaintiff's ERISA claim.

## B. Which Version of the Policy governs Plaintiff's ERISA Claim?

■ To determine which version of the Policy governs, the Court must consider whether Plaintiff's benefits have vested. *See Grosz–Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1159–60 (9th Cir. 2001). Under ERISA, accidental death benefits are classified as welfare benefits. 29 U.S.C. § 1002(1). "Welfare benefits, unlike pension benefits, do not vest unless and until the employer says they do." *Alday v. Raytheon Co.*, 693 F.3d 772, 781–82 (9th Cir.2012) (internal citation omitted). Where benefits have not vested, the controlling policy is the one in existence when benefits are denied. *Grosz–Salomon*, 237 F.3d at 1159–60. The reason is that:

> If benefits have not vested, the plan participant does not have an unalterable right to those benefits. The fact that benefits have not vested suggests that the plan is malleable and the employer is at liberty to change the plan and thus change the benefits to which participant is entitled. Since the employer can

change the plan, then it must follow that the controlling plan will be the plan that is in effect at the time a claim for benefits accrues.

*Hackett v. Xerox Corp. Long–Term Disability Income Plan*, 315 F.3d 771, 774 (7th Cir.2003) (citing *Grosz–Salomon*, 237 F.3d at 1159). The Ninth Circuit has held that an ERISA claim for wrongful termination of benefits accrues at the time benefits are denied. *Grosz–Salomon*, 237 F.3d at 1159. Thus, "absent any language suggesting ambiguity on the vesting question, the controlling plan must be the plan in effect at the time the benefits were denied." *Hackett*, 315 F.3d at 774.

■ Defendants claim that Plaintiff's benefits under the Policy were vested at the time Plaintiff filed her claim for accidental death benefits. For this to be true, Defendants must have contractually agreed to grant vested benefits. *See Grosz–Salomon*, 237 F.3d at 1160. "Contractual vesting of a welfare benefit, moreover, is an extra-ERISA commitment that must be stated in clear and express language." *Id.* Defendants, however, do not argue—and there is nothing in the Policy to suggest—that Defendants purportedly granted vested benefits to Plaintiff either prior to or upon filing a claim for benefits.[1] Instead, Defendants simply claim "[t]o hold that Plaintiff's rights were not vested in 2011 at that [sic] time of the claim would effectively mean that the plan sponsor could have changed the terms after the claim was submitted but before the final decision was reached, to Plaintiff's detriment." Doc. No. 38 at 17. However, the Ninth Circuit has expressly recognized as much. "Simply put, an employee's rights under an ERISA welfare benefit plan do not vest unless and until the employer says

---

1. Moreover, if Plaintiff's rights *were* vested upon her filing a claim, she would have an "unalterable right to those benefits," and De- fendants would have no ability—much less discretion—to deny such benefits. *See Hackett*, 315 F.3d at 774.

they do." *Grosz–Salomon*, 237 F.3d at 1160. Precisely because of this, the employer is "generally free under ERISA, for any reason at any time, to adopt, modify, or terminate welfare benefits unless it contractually cedes its freedom." *Alday*, 693 F.3d at 782 (internal citation, quotation, and alterations omitted).

Because there is no language in the Policy or elsewhere suggesting that Defendants agreed to grant vested benefits, the Court finds that Plaintiff's benefits were not vested at the time Plaintiff filed her claim in 2011. The Court therefore looks to the Policy as it existed at the time benefits were denied. *See Grosz–Salomon*, 237 F.3d at 1160. Reliance denied Plaintiff's initial claim on January 10, 2012 and the appeal on August 20, 2012, both of which occurred after section 10110.6 voided the discretionary clause.[2] As such, the Policy as it existed in 2012, at the time Reliance denied Plaintiff's claim for benefits, controls. *See id.; see also Geiger v. Hartford Life Ins. Co.*, 348 F.Supp.2d 1097, 1108 (E.D.Cal.2004) ("The controlling plan is, then, the plan in effect when the beneficiary's claim for benefits accrued.").[3]

## C. California Insurance Code section 10110.6 is not preempted

Lastly, Defendants contend that section 10110.6 is preempted because it conflicts with ERISA's Administrative Scheme for amending insurance policies.[4] This argument is unavailing. The Ninth Circuit has previously held that state laws regulating discretionary clauses in insurance policies fall under the savings clause, and thus are not preempted. *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 842 (9th Cir.2009) ("The practice of disapproving discretionary clauses is thus saved from preemption under 29 U.S.C. § 1144(a) by the savings clause in section 1144(b)."). Further, Defendants argue that section 10110.6 is "an ineffective attempt by an unauthorized entity to amend the Plan." Doc. No. 38 at 14. This is also incorrect. As explained above, an insurance policy that "continues in force on or after the policy's anniversary date" is renewed by operation of law. *See* Cal. Ins. Code § 10110.6. Upon renewal, the insurance Policy incorporates by operation of law any relevant changes in the law, in-

---

**2.** Defendants attempts to distinguish this case from *Grosz–Salomon* based on the fact that Reliance did not amend the terms of the Policy. According to Defendants, "the plan in place at the time of denial was in all respects identical to the terms that were in place when the claim arose ..." Doc. No. 40. This is incorrect. As explained above, on January 1, 2012—the Policy's anniversary date and the date section 10110.6 became effective—the Policy was renewed by operation of law under the terms of the statute. As such the Policy incorporated all relevant changes in statutory law, including section 101104 into the terms of the Policy. Thus, as of January 1, 2012, the Policy's discretionary clause became void and unenforceable under section 10110.6. Accordingly, the Policy at the time of denial did not have a valid discretionary clause and was therefore materially different from the 2011 version of the Policy for purposes of this motion.

**3.** Because the Court finds the 2012 version of the Policy controls the statute applies prospectively to the January 10, 2012 and August 20, 2012 denials. As such, there is no retro-application of the statute.

**4.** Under 29 U.S.C. § 1144(a), ERISA "supersede[s] any and all State law insofar as they may now or hereafter relate to any employee benefit plan." However, § 1144(b) saves from preemption "any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). To fall under the savings clause, a regulation (1) "must be specifically directed toward entities engaged in insurance," and (2) "must substantially affect the risk pooling arrangement between the insurer and the insured." *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003).

cluding section 10110.6. *See Stephan,* 697 F.3d at 927. Moreover, based on Defendants' logic, no state legislature would be able to enact any laws that regulate insurance policies subject to ERISA, which directly contradicts ERISA's savings clause. *See* 29 U.S.C. § 1144(b)(2)(A) ("Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.").

Thus, the Court finds the controlling Policy to determine the standard of review for Plaintiff's ERISA claim is the Policy as it existed at the time Reliance denied Plaintiff's claim in 2012. Pursuant to California Insurance Code section 10110.6, the Policy was renewed on the Policy's January 1, 2012 anniversary date. Upon renewal, the Policy was subject to California Insurance Code section 10110.6, which thereby rendered the Policy's discretionary clause void and unenforceable. *See* Cal. Ins.Code § 10110.6. As such, the Court finds that the applicable standard of review for Plaintiff's ERISA claim is *de novo.*[5]

### CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for partial summary judgment on the standard of re-

view and **DENIES** Defendants' cross motion.

**IT IS SO ORDERED.**

---

5. The Court notes that two other district courts in the Northern District of California have come to the same conclusion on similar facts. *See Polnicky v. Liberty Life Assurance Co. of Boston,* 999 F.Supp.2d 1144, 1147–48, 2013 WL 6071997, at *3 (N.D.Cal. Nov. 18, 2013); *Gonda v. The Permanente Medical Group, Inc.,* —— F.Supp.3d ——, ——, 2014 WL 186354, at *3 (N.D.Cal. Jan. 16, 2014). Most recently, however, a district court in the Central District of California arrived at a contrary conclusion. *See Orzechowski v. Boeing Co. Non–Union Long–Term Disability Plan,*

No. 12–01905–CJC, 2014 WL 979191, at *9 n. 6 (C.D.Cal. Mar. 12, 2014). There, the court distinguished claims brought under the benefits plan from claims brought under the insurance policy. The court found that because the claim in that case was brought under the Plan—not the insurance policy—the court was required to look to the plan itself to determine the appropriate standard of review. Here however, there is no dispute that Plaintiff brought her claim for accidental death benefits under the insurance Policy itself, not the plan. As such, the court's concerns in *Orzechowski* are inapposite.